**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George W. Clifton,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>David Arredondo,<br><br>　　　　　　Defendant. | No. CV-13-02162-PHX-DGC<br><br>**ORDER** |

Defendant David Arredondo has filed a motion to dismiss Plaintiff George Clifton's complaint. Doc. 3. The motion is fully briefed and no party has requested oral argument. For the reasons that follow, the Court will deny the motion.

**I.    Background.**

Plaintiff's complaint arises out of an incident that allegedly occurred on May 27, 2012. Doc. 5 at 3. Plaintiff alleges that he "was driving his vehicle westbound on Madison Street – between 12th and 13th avenues," when "he noticed a Phoenix Police vehicle (#111361)," which he alleges was illegally parked against the flow of traffic. Doc. 1-3 at 3. Plaintiff claims that he stopped his vehicle alongside the police vehicle and Defendant approached his passenger window. *Id.* Plaintiff then asserts that he "politely and calmly asked him if his police car needed to be parked with the flow of traffic," and that the Defendant "pretended" not to hear or understand Plaintiff. *Id.* Plaintiff alleges that Defendant became angry and began to yell at him after he said "Oh, I see, are you corrupt and above the law?" *Id.*

After this exchange, Plaintiff claims he parked his car in a nearby parking lot and

returned "to the scene in order to protest both [Defendant's] very unprofessional behavior and the parking matter." *Id.* He alleges that as he was "verbally protesting," the Defendant "flew out of the police vehicle and ran right up to [his] face," "yelled and cussed at [him] and told [him] that [he] was on private property" and that he had to leave. *Id.* Plaintiff states that he then walked from the north side of the street to the south side and that Defendant "continued his actions." *Id.* The parties allegedly engaged in a continued shouting match during which Plaintiff claims that Defendant was "constantly bumping his body into mine, and kicking me all over my shod feet." *Id.* Plaintiff further alleges that he attempted to call 911, but that Defendant continued yelling so loudly that he was unable to hear the operator. *Id.* at 4. Plaintiff finally alleges that Defendant "shone his police vehicle's spotlight" right in his face as he waited for a response to his 911 call and as he ultimately walked away. *Id.* Plaintiff claims that he returned to the area the following day to protest and was permitted to protest without interruption. *Id.*

Plaintiff filed a complaint in Justice Court, alleging that Defendant's actions deprived him of his rights under the First Amendment and asserting that Defendant "thereby violat[ed] 42 U.S.C. Section 1983," making Defendant "liable to [Plaintiff] 'in an action at law . . . for redress.'" *Id.*

**II.    Legal Standard.**

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth," *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). To avoid a Rule 12(b)(6) dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a

defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

**III. Analysis.**

    **A. Lack of Personal Jurisdiction.**

Defendant argues that he was not timely served by Plaintiff and that the Court therefore does not have personal jurisdiction over him. Doc. 3 at 3. He cites Rule 113(i) of the Justice Court Rules of Civil Procedure, which states that "[a]fter at least twenty (20) days notice to plaintiff, the court *may* dismiss a complaint as to any defendant who has not been served with the summons and complaint within [120] days after the filing of the complaint." *Id.* (emphasis added). Defendant contends that the 120-day window for service expired on September 25, 2013, and that Defendant was not served until October 3, 2013. *Id.* Defendant argues that he has not waived any challenge to personal jurisdiction by removing the action this court. *Id.* He further argues that Arizona law requires proper, effective service as a prerequisite to a court's exercise of personal jurisdiction. *Id.* (citing *Barlage v. Valentine*, 110 P.3d 371, 373 (Ariz. Ct. App. 2005)).

The fact that Defendant was served outside of the 120-day window discussed in the Justice Court rules does not alone render service ineffective. Defendant admits that he was properly served on October 3, 2013, does not allege any other defects in the service, and does not identify any prejudice suffered as a result of the late service. Accordingly, the Court will deny Defendant's motion to dismiss on this ground.

    **B. 1983 Claims.**

Defendant argues that Plaintiff has failed to state a claim under § 1983 because he cannot establish injury from the alleged constitutional violation. Doc. 3 at 4. "To state a claim for relief in an action brought under § 1983, [plaintiffs] must [allege] that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v.*

*Sullivan*, 526 U.S. 40, 49-50 (1999).  "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979)).

To prevail on his First Amendment claim, Plaintiff must provide evidence showing that Defendant "deterred or chilled [his] political speech" and that "such deterrence was a substantial or motivating factor in [Defendant's] conduct." *Menotti v. City of Seattle*, 409 F.3d 1113, 1155 (9th Cir. 2005) (quoting *Sloman v. Tadlock*, 21 F.3d 1462, 1469 (9th Cir. 1994)) (internal quotation marks omitted).  Defendant contends that Plaintiff's complaint "fails to demonstrate that he was deterred from making political speech or that such deterrence was the substantial or motivating factor in [Defendant]'s conduct."  Doc. 3 at 5.  The Court does not agree.

If the Court accepts as true Plaintiff's factual allegations about Defendant's conduct, as it must at the motion to dismiss stage, Plaintiff has stated a claim under the First Amendment.  He has pleaded facts alleging that he stopped his protest on a public sidewalk in response to Defendant's conduct.  He has also pleaded facts alleging that the Defendant repeatedly and aggressively told him to leave the area because he was on private property.  The facts alleged in the complaint do not suggest any reason for Defendant's conduct toward Plaintiff other than the fact that Plaintiff was protesting Defendant's actions.  This could constitute evidence that deterring Plaintiff's protest was a substantial or motivating factor in Defendant's conduct.  Further, that Plaintiff went back to the same area to protest the following day does not suggest that Plaintiff's right to protest was not impacted by Defendant's conduct on the day in question.  The Court will deny Defendant's motion to dismiss on this ground.

### C.   Qualified Immunity.

Defendant argues that he is entitled to qualified immunity even if Plaintiff has stated a claim.  Doc. 3 at 6. To rule on this argument, the Court first must ask whether Plaintiff has made a *prima facie* showing that the state actor violated Plaintiff's

1  constitutional rights. *Orin v. Barclay*, 272 F.3d 1207, 1214 (9th Cir. 2001); *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If the facts alleged show a constitutional violation, the Court must determine whether the law was clearly established. *Saucier*, 533 U.S. at 201. Finally, if the law was clearly established, yet based on the circumstances, the state actor made a mistake regarding what the law required, the officer will be entitled to immunity if the mistake was reasonable. *Id.* at 205.

Defendant argues that there was no constitutional violation. Whether a violation occurred has not been determined, but Plaintiff has pled a First Amendment claim, as discussed above.

Defendant argues that "Plaintiff cannot establish that he had a clearly established right to block traffic while chastising a police officer's parking job, nor can he establish that he had a clearly established right to harangue [Defendant] on the sidewalk." Doc. 3 at 7-8. Plaintiff does not claim that he had a right to block traffic. Rather, he claims that he had a constitutional right to protest on a public sidewalk. It is clearly established that "[p]ublic streets and sidewalks are the archetype of a traditional public forum," and that "[r]egulation of speech in a traditional public forum is subject to the highest scrutiny." *Foti v. City of Menlo Park*, 146 F.3d 629, 635 (9th Cir. 1998) (internal citations and quotation marks omitted). Defendant does not argue that he made any mistake regarding the state of the law. Accordingly, the Court will not grant Defendant's motion to dismiss on this ground.

### D. City of Phoenix.

Defendant's motion also requests that the Court dismiss Plaintiff's claims against the City of Phoenix. Doc. 3 at 8-9. Because the Court has already entered an order terminating the City of Phoenix (Doc. 8), the Court will deny this portion of Defendant's motion as moot.

1    **IT IS ORDERED** that Defendant's motion to dismiss (Doc. 3) is **denied**.

2    Dated this 23rd day of January, 2014.

_____
David G. Campbell
United States District Judge